STATE, *ex rel.* VINES, *District Attorney-General, v.*
CHADWELL *et al.*

(*Knoxville.*   September Term, 1914.)

1. **INTOXICATING LIQUORS.**   Liquor  nuisance.   What con-
stitutes.

Under Acts 1913 (2d Ex. Sess.), ch. 2, providing, in section 1,
that conducting the sale of intoxicating liquors in violation
of state law shall be a nuisance, and may be abated, a person
who has paid all federal and municipal taxes and who sells
liquor only to persons outside of the State, is not maintaining
a nuisance within the act; such sales being legal.   (*Post, pp.*
256-259.)

Acts cited and construed:   Acts 1909, ch. 479.

Cases cited and distinguished:   State v. Kelly, 123 Tenn., 556;
Logan v. Brown, 125 Tenn., 209; State v. Persica, 168 S. W.,
1057.

2. **COMMERCE.**   Interstate commerce.   Liquor sales.

One who sells intoxicating liquors solely in interstate commerce
does not violate local prohibitory laws because he did not
purchase his liquor in interstate commerce; the sale and not
the purchase of liquors being prohibited.   (*Post, pp.* 259, 260.)

Cases cited and distinguished:   Kelly & Co. v. State, 123 Tenn.,
516; Logan v. Brown, 125 Tenn., 214; Palmer v. Express Co.,
129 Tenn., 116.

---

FROM CLAIBORNE.

---

Appeal  from  the  Chancery  Court  of  Claiborne
County.—HUGH G. KYLE, Judge.

J. H. S. Morison and J. Frank White, for appellants.

John P. Davis, for appellee.

Mr. Justice Buchanan delivered the opinion of the Court.

The bill in this cause was filed in the name of the State, on the relation of D. A. Vines, district attorney-general for the first judicial circuit, against Smith Chadwell and others. Chadwell by separate answer made defense to the bill, and he alone has prosecuted to this court his appeal from the final decree rendered in the cause, and the decree will therefore be considered in this opinion only in so far as his rights are involved.

The bill was predicated upon chapter 2 of the Public Acts of the Second Extra Session of the general assembly of the year 1913. This act will be found at page 665 of the published acts of that year. The constitutionality of this act was sustained by this court in an opinion rendered at its last term at Jackson, Tennessee, in the case styled *State* v. *Persica,* and reported in 168 S. W., 1057 *et seq.* The act is entitled "An act to define and more effectually provide for the abatement of certain public nuisances." The act, in so far as it need be considered in this opinion, provides:

"That the conducting, maintaining, carrying on, or engaging in the sale of intoxicating liquors; . . . in violation of the laws of this State, in any building,

structure, or place within this State, and all means, appliances, fixtures, appurtenances, materials, and supplies used for the purpose of conducting, maintaining, or carrying on such unlawful business . . . are hereby declared to be public nuisances, and may be abated under the provisions of this act.''

The act contains sundry other provisions not necessary here to be mentioned.

The bill in this cause averred in substance that Chadwell had rented and was occupying a building in the town of Cumberland Gap, for the purpose of conducting, maintaining, carrying on, or engaging in the sale of intoxicating liquors therein or therefrom, and that he was so engaged in conducting, maintaining, and carrying on the sale of intoxicating liquors in said building or therefrom at the time of the filing of the bill, and that he had been so engaged since March 1, 1914; that the conduct of the business aforesaid at the place stated by Chadwell was a great annoyance to the citizens of Cumberland Gap and a public nuisance; and that the defendant would persist and continue to carry on the business stated unless restrained by injunction. The bill contained an appropriate prayer for relief under the terms and provisions of the act on which the bill was predicated.

Chadwell so answered the bill as to take issue upon all of the material averments, except those admitted in a statement of facts filed in the cause.

Upon final hearing of the cause, and on the agreed statement of facts, the chancellor decreed in favor of

the State, and under the provisions of the act of 1913 provided fully by the terms of the decree for an abatement of the business carried on by Chadwell as a public nuisance within the terms of that act. From this decree, Chadwell appealed to this court and has assigned errors.

There are three assignments of error, but they may well be treated as raising only a single question: Was the chancellor in error in decreeing as aforesaid under the agreed statement of facts?

It is clear, under the first section of the act of 1913, in so far as that section relates to the sale of intoxicating liquors, that only sales made in violation of the laws of the State are declared to be a public nuisance, and that sales not in violation of the laws of the State are not touched by the first section of the act, or by any other section thereof. The controlling question in the present case, therefore, is whether, under the agreed state of facts, it may be said that Chadwell was engaged in sales of liquor in the building in question in violation of law.

It appears from the statement of facts that he has paid all taxes required by the municipality and by the United States and by the State and county, for the sale of intoxicating liquors; that he purchases his stock of liquors and keeps the same at his place of business, and ships liquor therefrom to his customers outside of the State of Tennessee on the orders of his customers received by mail with money inclosed to pay for the liquor covered by the order; and that upon

the receipt of such orders the liquors are placed in the necessary packages for shipping, addressed to the person making the order, and the packages are conveyed to the railroad depot in Cumberland Gap, by draymen employed for the purpose by Chadwell, and at the depot are delivered to the express company for transportation to the respective persons who have ordered the liquors, and who reside outside the State of Tennessee. It also appears that no sales whatever have been made by Chadwell in or from the premises in question to any person or persons whatever within the limits of the State of Tennessee, nor in any other way, except as set out above. It also appears in the statement of facts that the place where the defendant does business is located within four miles of a schoolhouse where school is kept. Where or from whom he bought his liquors, or how they were delivered to him, does not appear.

In *State* v. *Kelly*, 123 Tenn. (15 Cates), 556, 133 S. W., 1011, 36 L. R. A. (N. S.), 171, this court had under consideration a state of facts averred in an indictment based on chapter 1 of the Acts of 1909, the first section of which made it unlawful for any person to sell or tipple intoxicating liquors, including wine, ale, and beer, as a beverage, within four miles of any school house, public or private, where a school is kept, whether the school be then in session or not. The facts averred in the indictment were that, on the date referred to in the indictment, the defendants in that case delivered to a common carrier of freight a package containing

130 Tenn. 17

five gallons of whisky, for shipment to a person residing in the State of New York, who had previously ordered the whisky and sent the purchase price thereof to the defendants through the United States mail from the State of New York. The court, in the concluding paragraph of the opinion in that case, disposed of it as follows:

"After a very extended and careful investigation of the case, we are unable to find any ground on which to sustain the indictment. The act on which it is based, chapter 1 of the Acts of 1909, does not cover such a case as stated in the indictment, or if, by any construction, it could be held to cover such a case, it would be simply inoperative that far, but would not be otherwise ineffective. The act is good, but the indictment is bad, and on the grounds stated herein the judgment of the trial court is affirmed."

It should be stated, in view of the quotation above, that the indictment in that case set out the facts thereof in substance as they are stated in the present opinion. The reasoning of the opinion very clearly discloses that the court reached the conclusion above stated, for the reason that, to have given the act of the State legislature effect under the facts of that case, would have brought that act in conflict with the Interstate Commerce clause of the federal constitution.

We are unable to see any material difference between the state of facts existing in the *Kelly Case*, supra, and the facts attending each of the sales made by Chadwell. Undoubtedly, under the ruling made in

the *Kelly Case,* each of the sales made by Chadwell was an act of Interstate Commerce. In *Logan* v. *Brown,* 125 Tenn. (17 Cates), 209, 141 S. W., 751, Logan, who was conducting a wholesale business of selling liquors to persons outside of the State of Tennessee but transacting his business at a storehouse in Jellico, Tennessee, under a state of facts not materially different from those surrounding the sales made by Chadwell as set out in the present case, was held liable for the wholesale liquor dealers privilege tax imposed by chapter 479 of the Acts of 1909.

It is, however, insisted by the State that to bring the present case within the principle of the *Kelly Case,* supra, the statement of facts should have shown that Chadwell acquired the liquors sold by him as the result of interstate commerce. The exact insistence made by the State, as taken from its brief, is:

"That he must show that he has purchased the same in interstate commerce; that he has received the same under facts and conditions which constitute the act of interstate commerce; and that he is lawfully authorized to do so by having paid the license required by the State."

We are unable to yield assent to this insistence made by the State. The statement of facts does show that Chadwell had paid all taxes required by law, but it is immaterial whether Chadwell acquired title to the liquors sold by him in interstate commerce or as the result thereof or not. The purchase of intoxicating liquor is not prohibited by statute in this State. In

the case of *Kelly & Co.* v. *State,* 123 Tenn. (15 Cates), 516, 539, 132 S. W., 193, this court said:

"It should be borne in mind that it is 'to sell as a beverage' that is prohibited, and not to drink as a beverage. It is the seller's purpose that is referred to and not the purchaser's."

In *Logan* v. *Brown,* supra, 125 Tenn. (17 Cates), 214, 141 S. W., 751, it is said:

"The circumstance that he purchases all his stock without the State has no weight in the case."

Wheresoever, and whether as the result of interstate commerce or not, Chadwell acquired the stock of liquors from which he made the sales shown by the statement of facts in the present case, we must hold under the authority of *State* v. *Kelly,* supra, and the cases therein cited, and *Palmer* v. *Express Co.,* 129 Tenn., 116, 165 S. W., 236, that the sales made by Chadwell fall within the protecting shield of the interstate commerce clause of the federal constitution, and stamp his sales, under all the facts disclosed by this record, as lawful sales.

It results from these views that there was error in the decree of the chancellor, for which it must be reversed and the bill dismissed.